UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE PEASE,

    Petitioner,

v.                                      CASE NO. 8:04-cv-215-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Pease again seeks to re-open this closed case. In 2004 Pease applied for the writ of habeas corpus under 28 U.S.C. § 2254 and challenged the validity of his 1989 state conviction for opposing or obstructing an officer with violence, for which he was imprisoned for eighteen months. Pease's action was dismissed both because the application was time-barred and because Pease was no longer "in custody" under that conviction. (Doc. 5) Nearly ten years later Pease moved (Doc. 21) for relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, and argued that a change in Florida law shows that he is "actually innocent" of opposing or obstructing an officer with violence. In denying the Rule 60(b) motion, the earlier order (Doc. 22) cites Pease's inability to meet Section 2254's "in custody" requirement.

Pending is Pease's motion and two supplements (Docs. 23, 24, and 25) under Rule 59(e), Federal Rules of Civil Procedure, to "vacate, withdraw and/or

reconsider" the earlier order (Doc. 22) that denies his Rule 60(b) motion.  Pease contends that "actual innocence" is an exception to the "in custody" requirement.  Pease cites no applicable or controlling case.

First, Pease's relying on *McCarthy v. United States*, 320 F.3d 1230, 1232-33 (11th Cir. 2003), shows that he misunderstands the distinction between the "holding" of an opinion and dicta within an opinion, especially dicta within a concurring opinion.[*]

Second, Pease erroneously relies on *Tillman v. State*, 934 So. 2d 1263 (Fla. 2006), as the basis for his claim of actual innocence.  *Tillman* substantially changed the interpretation of Florida's laws on the use of force in resisting a law enforcement officer, particularly regarding the lawfulness of the officers actions.  *Tillman* requires the state prove that an officer was acting lawfully when a defendant is charged with either battering a law enforcement officer or resisting an officer with violence.  Pease

---

[*] Contrary to Pease's representation, the conclusion in *McCarthy*, 320 F.3d at 1234-35, enforces the "in custody" requirement:

> McCarthy clearly falls within the general rule the Supreme Court set forth in *Daniels v. United States*, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583, 149 L. Ed. 2d 590 (2001), and he does not satisfy any of the possible exceptions to that general rule. Like the petitioner in *Daniels*, McCarthy "is without recourse" because his "prior conviction[s] used to enhance [his] federal sentences [are] no longer open to direct or collateral attack in [their] own right because the defendant failed to pursue those remedies while they were available." *Id.*

(brackets in original)

Additionally, Pease's reliance on *Means v. Alabama*, 209 F.3d 1241 (11th Cir. 2000), and *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325 (11th Cir. 1997), is misplaced because each was decided before *Daniels*.

contends that, when he was arrested, the law enforcement officer was not acting lawfully.  *Tillman* affords Pease no claim of actual innocence.  *Tillman* specifically applies to only non-arrest situations, and officers were attempting to arrest Pease when he opposed the officers with violence.  Additionally, *Tillman* was specifically superceded by statute.  Ch. 2008-67, § 1, at 930, Laws of Florida, amending Fla. Stat. § 776.051(1) (2008).  Pease's actual innocence claim is illusory.

Third, this action challenges the validity of a conviction that was imposed in state court in 1989 and that was used to increase a sentence in federal court in 1999. Pease can neither use this action under Section 2254 to challenge the validity of his federal conviction nor rely on cases decided under Section 2255 to challenge the validity of his state conviction.  Pease evidently knows that he must challenge his federal conviction only under Section 2255; he unsuccessfully challenged his federal conviction under Section 2255 in 8:02-cv-1830-24EAJ.

For the reasons stated both in this order and in the earlier order (Doc 22), Pease is not entitled to a certificate of appealability.  *See Perez v. Sec'y, Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013) ("Because the denial of a Rule 59(e) motion constitutes a 'final order' . . . a COA is required before [an] appeal may proceed.").

Accordingly, the Rule 59(e) motion and two supplements (Docs. 23, 24, and 25) are **DENIED**.  A certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Pease must pay the full $505 appellate filing

fee without installments unless the circuit court allows Pease to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on April 23, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE