UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE PEASE,

    Petitioner,

v.                                  CASE NO. 8:04-cv-215-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Pease files his third motion to re-open this action. (Doc. 27) The two earlier motions and supplements (Docs. 21, 23, 24, and 25) were denied. The original Section 2254 application challenged the validity of his 1989 state conviction. The application was dismissed both because the application was time-barred and because Pease was no longer "in custody" under that conviction.* (Doc. 5) Nearly ten years later Pease argues that a change in Florida law shows that he is "actually innocent" of opposing or obstructing an officer with violence. The earlier orders (Docs. 22 and 26) deny re-consideration and cite Pease's inability to meet Section 2254's "in custody" requirement. Pease persists in arguing that, based on *Tillman v. State*, 934 So. 2d 1263 (Fla. 2006), he is actually innocent of the 1989 state conviction and that,

---

    * Pease's present imprisonment is for a federal conviction.

under *McQuiggen v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013), he may pass through the "actual innocence gateway" to present an otherwise time-barred claim.

Pease shows no actual innocence. As explained in the earlier order (Doc. 26), more than fifteen years after his state conviction *Tillman* substantially changed the interpretation of Florida's laws on the use of force in resisting a law enforcement officer. Importantly, *Tillman* focuses on the law enforcement officer's actions and not the defendant's. Under *Tillman* when a defendant is charged with either battering a law enforcement officer or resisting an officer with violence the state must prove that an officer was acting lawfully. *Tillman* left unchanged the acts that are required to commit a battery a law enforcement officer or to commit resisting an officer with violence. Pease's argument fails because he asserts that, under *Tillman*, his acts amount to no battery or resisting arrest because the officers were not acting lawfully. Pease asserts no change in the facts regarding his battering or resisting the officers. As a consequence, Pease asserts no claim of factual innocence of battering or resisting an officer, only a claim of legal innocence of the crime. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Pease disagrees with the determination in the earlier order (1) that *Tillman* is inapplicable because *Tillman* specifically applies to only a non-arrest and (2) that officers were attempting to arrest Pease when he opposed the officers with violence. (Doc. 26) Pease now argues that the officers were not attempting to arrest him,

which is contrary to what he admitted in the supporting memorandum that he filed in 2004 (Doc. 2 at 3):

> The Petitioner was charged by information with one count of obstructing or opposing an officer with violence. Appendix "A." The charge was the result of an arrest of Petitioner for a purported armed burglary. On December 29, 1988, two officers with the Tampa Police Department responded to 1545 Green Street to arrest Petitioner for armed burglary. The officers observed Petitioner standing in the doorway of his residence. Petitioner was asked to step outside the residence. Petitioner asked the arresting officers if there was an arrest warrant or search warrant for his arrest? However, the officers did not produce any warrants. Petitioner was then asked to step outside. Petitioner refused. The officers then advised Petitioner that he was under arrest for armed burglary.

Additionally, Pease argues that the district court should construe his application under Section 2254 as seeking relief under Section 2255. Pease unsuccessfully challenged his federal conviction under Section 2255 in 8:02-cv-1830-24EAJ. Pease must comply with the requirements of Section 2255(h) to obtain permission from the circuit court to file a second or successive motion to vacate. As explained in the earlier order (Doc. 5) that dismissed his original application, Pease cannot challenge under Section 2254 a sentence for which he is no longer in custody. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 398, 403 (2001) ("[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

3

For the reasons stated both in this order and in the earlier orders (Docs. 5, 22 and 26), Pease is not entitled to a certificate of appealability. *See Perez v. Sec'y, Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013) ("Because the denial of a Rule 59(e) motion constitutes a 'final order' . . . a COA is required before [an] appeal may proceed.").

Accordingly, the motion for reconsideration (Doc. 27) is **DENIED**.  A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Pease must pay the full $505 appellate filing fee without installments unless the circuit court allows Pease to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 22, 2014.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE